WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Leonard Ray Wright, III,<br><br>    Defendant. | No. CR-19-01336-001-PHX-MTL<br><br>**ORDER** |

On May 13, 2021, pursuant to a plea agreement, Defendant Wright was sentenced to a term of imprisonment of 51 months for distribution of fentanyl in violation of 21 U.S.C. § 841(a) and (b)(1)(C). (Doc. 135.) Wright now moves, *pro se*, for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). That Section provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* The statute thus permits a court to reduce a defendant's sentence if, after the sentence is entered, the Sentencing Commission lowers the relevant sentencing range and makes the change retroactively applicable.

Wright asks for a sentence reduction based on retroactive application of Amendment

782 to the Sentencing Guidelines, which reduced the base level sentence applicable to his offense. (Doc. 137.) His request will be denied.

Amendment 782 took effect on November 1, 2014. *See* U.S. SENT'G GUIDELINES MANUAL app. C, amend. 782 (U.S. SENT'G COMM'N 2018). Wright was not sentenced until May 13, 2021. (Doc. 135.) In calculating his sentencing range, the Court used the November 1, 2018 Guidelines. (*See* Docs. 132 at 7; 136.) Wright therefore already received the benefit of Amendment 782. Wright does not assert that the sentencing range used in his case was not computed based on the version of the *Guidelines Manual* that was in effect at the time of his sentencing. *See* 18 U.S.C. § 3553(a)(4)(A)(ii).

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 137), is DENIED.

Dated this 29th day of November, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge